(71 Misc. Rep. 406.)

## In re CARTER.

(Surrogate's Court, Suffolk County.   March, 1911.)

WILLS (§ 768*)—INTERPRETATION—DEPOSIT IN BANK—USE FOR SUPPORT OF
TESTATRIX.

Where testatrix bequeaths a deposit in a certain bank to a legatee, and
makes no other testamentary disposition of her property, and becomes
incompetent, and her committee expends the whole of the deposit for her
support, the legatee is entitled to receive from the remainder of the es-
tate the amount of the deposit.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 768.*]

In the matter of the accounting of Mary C. Carter, administra-
trix of Susan E. R. Bishop.   Decree rendered.

Ernest W. Tooker, for administratrix and next of kin.

Hendrick, Abberley & Hendrick, for Adelaide Groesbeeck, lega-
tee.

NICOLL, S.   Deceased died in July, 1909, leaving a will dated
June 15, 1892, wherein is bequeathed to Adelaide Groesbeeck the
account in the Seaman's Bank of Savings; but no other property
is mentioned in said will.   In 1908 deceased was adjudged incompe-
tent and a committee of her person and estate appointed, and such
incompetency continued until the date of her death.   During the
incompetency the committee of deceased withdrew from the Sea-
man's Bank of Savings the entire account, amounting to $1,317.19,
and deposited the same in the Riverhead Savings Bank, where
decedent had approximately $2,500 on deposit.   The expenses of
decedent during her incompetency were paid by the committee out
of the general estate, and there now remains a balance for distribu-
tion on this accounting of upward of $4,000.   The question is
presented as to how much of the legacy bequeathed by the will
should be awarded to the legatee.   It is conceded by the next of
kin that some portion thereof should be so awarded, but not all,
upon the theory that the entire estate, including this legacy, should
bear the expense of the maintenance of deceased during her in-
competency.

The next of kin derive their interest in this estate solely because
of the partial intestacy, and there can be no intestacy until the
will has been fully performed and a balance thereafter remains in
the estate.   The intention of the testatrix must control; and the
withdrawal of the fund from the Seaman's Bank of Savings does
not affect the rights of the legatee, because such withdrawal was
not the act of the testatrix.   By removing this deposit, the com-
mittee could change the location of the fund, but could not change
the intention of its owner.   For some 16 years, from the date of the
will to the beginning of the incompetency, it remained the intention
of the testatrix that this legatee should have this fund, as appears
from the fact that no change was made in the will during that
time.   This intention continued in law to the date of death, because,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

during the incompetency, the intentions of the decedent could not change. Consequently, at the time of decedent's death, which is the date at which the will speaks, it was her intention that this legatee receive this fund. Such intention cannot be defeated by any act of the committee, as the testatrix cannot be bound without her consent. Deceased is, therefore, testate as to this fund, and intestate as to the balance of her estate. Moreover, to award this legatee less than the entire fund in the bank would be to declare the decedent intestate as to a portion of that very fund, which would be contrary to the terms of the will. The law reads the will as if it gave to this legatee a legacy of $1,317.19 and the remainder of the estate to the next of kin as residuary legatees.

Interest does not follow this fund, however, because the will is performed when the exact amount in the bank be determined. What increment there might have been, had it remained, is immaterial, because the account was legally withdrawn by the committee. Neither can the court speculate as to how much of this fund the deceased might have drawn for her own support, had she remained competent, and so have reduced the amount passing to this legatee under the will. It is not what might have been, but what actually 1 appened, that controls the disposition of the fund. In other words, she gave this fund to the legatee, she failed to change her will, she did not withdraw the deposit, and, being intestate as to all property but this, the next of kin are entitled to share in only what remains.

Decreed accordingly.